# IN THE UNITED STATES DISTRICT COURT
# FOR THE MIDDLE DISTRICT OF PENNSYLVANIA

| | |
|---|---|
| **WILLIAM E. BUSH,** : | CIVIL ACTION NO. 1:08-CV-1990 |
| **Plaintiff** : | (Judge Conner) |
| v. : | |
| **LEWISBURG U.S.P. FEDERAL PRISON,** : | |
| **Defendant** : | |

## MEMORANDUM

Plaintiff William E. Bush ("Bush"), a federal inmate incarcerated at the Federal Correctional Institute in Gilmer, Glenville, West Virginia, commenced this Bivens[1] action on November 3, 2008, naming "the whole Lewisburg U.S.P. federal prison" ("USP-Lewisburg") as the defendant. (Doc. 1, at 2.) Presently before the court is defendant's motion to dismiss pursuant to Federal Rule of Civil Procedure 12(b)(6) and for summary judgment pursuant to Federal Rule of Civil Procedure 56.[2] (Doc. 14.) For the reasons set forth below, the motion to dismiss will be granted.[3]

---

[1] Bivens actions are the federal counterpart to 42 U.S.C. § 1983 claims brought against state officials. Egervary v. Young, 366 F.3d 238, 246 (3d Cir. 2004) (citing Brown v. Philip Morris Inc., 250 F.3d 789, 800 (3d Cir. 2001)). "[C]ourts have generally relied upon the principles developed in the case law applying section 1983 to establish the outer perimeters of a Bivens claim against federal officials." Schrob v. Catterson, 948 F.2d 1402, 1409 (3d Cir. 1991).

[2] Although Bush failed to file an opposition brief that complies with the Local Rules of Court, he recently filed a letter (Doc. 20), which was considered in disposing of the motion.

[3] The motion for summary judgment on the issue of administrative exhaustion will not be considered.

**I.      Standard of Review**

Rule 12(b)(6) of the Federal Rules of Civil Procedure provides for the dismissal of complaints that fail to state a claim upon which relief can be granted. FED. R. CIV. P. 12(b)(6). When ruling on a motion to dismiss under Rule 12(b)(6), the court must "accept as true all [factual] allegations in the complaint and all reasonable inferences that can be drawn therefrom, and view them in the light most favorable to the plaintiff." Kanter v. Barella, 489 F.3d 170, 177 (3d Cir.2007) (quoting Evancho v. Fisher, 423 F.3d 347, 350 (3d Cir. 2005)). Although the court is generally limited in its review to the facts in the complaint, it "may also consider matters of public record, orders, exhibits attached to the complaint and items appearing in the record of the case." Oshiver v. Levin, Fishbein, Sedran & Berman, 38 F.3d 1380, 1384 n. 2 (3d Cir. 1994); see also In re Burlington Coat Factory Sec. Litig., 114 F.3d 1410, 1426 (3d Cir. 1997).

Federal notice and pleading rules require the complaint to "give the defendant notice of what the . . . claim is and the grounds upon which it rests." Sershen v. Cholish, No. 3:07-CV-1011, 2007 WL 3146357, at *4 (M.D. Pa. Oct. 26, 2007) (quoting Erickson v. Pardus, --- U.S. ---, 127 S. Ct. 2197, 2200 (2007)). The plaintiff must present facts that, if true, demonstrate a plausible right to relief. See FED. R. CIV. P. 8(a) (stating that the complaint should include "a short and plain statement of the claim showing that the pleader is entitled to relief"); Bell Atl. Corp. v. Twombly, 550 U.S. 544, ---, 127 S. Ct. 1955, 1965 (2007) (requiring plaintiffs to allege facts sufficient to "raise a right to relief above the speculative level");

2

Victaulic Co. v. Tieman, 499 F.3d 227, 234 (3d Cir. 2007).  Thus, courts should not dismiss a complaint for failure to state a claim if it contains "enough factual matter (taken as true) to suggest the required element. This does not impose a probability requirement at the pleading stage, but instead simply calls for enough facts to raise a reasonable expectation that discovery will reveal evidence of the necessary element."  Phillips v. County of Allegheny, 515 F.3d 224, 234 (3d Cir. 2008) (quoting Twombly, 550 U.S. at ---, 127 S. Ct. at 1965).  Under this liberal pleading standard, courts should generally grant plaintiffs leave to amend their claims before dismissing a complaint that is merely deficient.  See Grayson v. Mayview State Hosp., 293 F.3d 103, 108 (3d Cir. 2002); Shane v. Fauver, 213 F.3d 113, 116-17 (3d Cir. 2000).

## II. **Allegations of the Complaint**

The only allegations contained in Bush's statement of claim section are as follows:

> I was in protective custody [at USP-Lewisburg] when I was raped and assaulted by another inmate by the name of Dawaun Douglas don't [sic] no [sic] his prison number.  It happend [sic] in december [sic] cant [sic] recall the exact date of 20006 [sic].

(Doc. 1, at 2.)

## III. **Discussion**

Defendant moves to dismiss the complaint on the grounds of sovereign immunity.  A Bivens cause of action was created in part because government agencies are immune from suit under the doctrine of sovereign immunity.  FDIC v.

3

Meyer, 510 U.S. 471, 485 (1994). Consequently, the court lacks subject matter jurisdiction over Bivens claims against the United States and its agencies. See id. at 483-86; see also Munoz v. Attorney for U.S. Executive Office, No. 4:03-CV-2293, 2006 WL 2246413, at *7 (M.D.Pa. Aug.4, 2006) (dismissing Bivens claims against the United States for lack of subject matter jurisdiction because "constitutional claims against the United States are barred by sovereign immunity.") USP-Lewisburg is administered by the Bureau of Prisons, which is the federal agency charged with administering the federal prison system. United States v. Wilson, 503 U.S. 329, 334-35 (1992). Although Bush's complaint, which names USP-Lewisburg as the only defendant, is insufficient and will be dismissed for lack of jurisdiction, the court will grant him leave to amend his complaint in order to properly identify individual defendants. See Grayson, 293 F.3d at 108.

**IV. Conclusion**

Based on the foregoing, defendant's motion to dismiss will be granted. Bush will be afforded the opportunity to amend his complaint.

An appropriate order follows.

       S/ Christopher C. Conner
       CHRISTOPHER C. CONNER
       United States District Judge

Date:     April 28, 2009

# IN THE UNITED STATES DISTRICT COURT
# FOR THE MIDDLE DISTRICT OF PENNSYLVANIA

| | |
|---|---|
| **WILLIAM E. BUSH,** | : CIVIL ACTION NO. 1:08-CV-1990 |
| Plaintiff | : (Judge Conner) |
| v. | : |
| **LEWISBURG U.S.P. FEDERAL PRISON,** | : |
| Defendant | : |

## **ORDER**

AND NOW, this 28th day of April, 2009, upon consideration of defendant's motion to dismiss and for summary judgment (Doc. 14), it is hereby ORDERED that:

1. Defendant's motion to dismiss pursuant to Federal Rule of Civil Procedure 12 (b)(6) is GRANTED.

2. The Clerk of Court is directed to CLOSE this case.

3. Plaintiff may FILE an amended complaint in accordance with the accompanying memorandum on or before May 18, 2009. The amended complaint shall carry the same civil docket number (1:08-CV-1990) presently assigned to this matter.

4. The amended complaint shall be a short, plain, and concise statement of the claim and shall be a new pleading which stands by itself as an adequate complaint without reference to the complaint already filed. FED. R. CIV. P. 8(e)(1).

5. If plaintiff chooses to file an amended complaint, the Clerk of Court will be directed to reopen this matter.

                                      S/ Christopher C. Conner
                                  CHRISTOPHER C. CONNER
                                  United States District Judge